# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| ROBERT A. WATSON, ) | Case No. 05-2645-TLM |
| ) | |
| Debtor. ) | MEMORANDUM OF DECISION |
| ) | |
| _____ ) | |

Debtor[1] filed motions seeking to avoid liens of creditors Portfolio Recovery Associates LLC ("PRA"), *see* Doc. No. 7, and Action Collection, *see* Doc. No. 5. At an August 8, 2005 hearing, the Court found insufficient service of both motions and allowed Debtor an opportunity to submit a stipulated order or to re-notice the matter for hearing and provide sufficient proof of service. On August 27, 2005, Debtor attempted to again serve PRA. *See* Doc. No. 22.

On October 26, 2005, the Court again found Debtor's attempted service on PRA insufficient. *See* Doc. No. 23. The Court gave Debtor thirty days to effect proper service on both creditors.

On December 9, 2005, Debtor filed an affidavit reflecting service of his motion, affidavit and proposed order regarding PRA's lien on Gardner Skinner, Jr. *See* Doc. No. 24. The Affidavit of Service does not identify why Mr. Skinner was

---

[1] Former joint debtor Stacy Watson has been dismissed from the case. *See* Doc. No. 19.

MEMORANDUM OF DECISION - 1

served. Without an assertion within the Affidavit of Service that Gardner Skinner, Jr. is PRA's registered agent, the Court cannot grant Debtor's motion because Fed. R. Bankr. P. 7004(b)(3) remains unsatisfied. In addition, Debtor failed to provide Portfolio with notice of an actual hearing, or notice of an opportunity to object to his motion.[2]

The Court has provided Debtor several opportunities to comply with the Rules and obtain relief. While sensitive to the fact Debtor appears *pro se*, the Court is not required to teach or assist Debtor. The Rules apply to Debtor just as they do to represented parties. Debtor's motion to avoid lien, Doc. No. 7, will therefore be denied.

Unlike Debtor's renewed attempts to serve PRA, he did not attempt to cure the defects in service of Action Collection after the Court in August 2005 provided Debtor an opportunity to do so. The Court concludes that motion, Doc. No. 5, must also be denied. The Court will enter a separate order.

DATED: December 15, 2005



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[2] Under § 102(1), "notice and a hearing" may require only notice as is appropriate in the particular circumstance and opportunity for a hearing. However, a hearing does not actually have to occur if notice is adequate and the party in interest does not request a hearing.

MEMORANDUM OF DECISION - 2

CERTIFICATE RE: SERVICE

      A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

    Robert A. Watson
    1912 Tendoy Drive
    Boise, ID   83705

Case No.  05-02645-TLM (Robert A. Watson)


Dated:  December 15, 2005

<u>/s/ Jo Ann B. Canderan</u>
Judicial Assistant to Chief Judge Myers

MEMORANDUM OF DECISION - 3